**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 14-CIV-62792-BLOOM/Valle**

ILENE SHAPIRO, and
ANTHONY JULIAN

       Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,

       Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter is before the Court upon Defendant Government Employees Insurance Company's Motion Dismiss, ECF No. [5]. The Court has reviewed the Motion, all opposing and supporting filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, Defendant's Motion is now granted in part and denied in part.

## I. BACKGROUND[1]

This matter stems from an automobile accident occurring on or about May 18, 2014, wherein Plaintiffs, Ilene Shapiro and Anthony Julian (collectively, "Plaintiffs"), occupied a motor vehicle that was involved in a collision due to the negligence of an uninsured motorist. *See* Compl., ECF No. [1] at 9 ¶¶ 6, 9. As a result of the collision, Plaintiffs suffered serious and permanent injury. *Id.* at 9-10 ¶¶ 8, 11. During the relevant time period, Plaintiffs maintained an insurance policy issued by Defendant Government Employees Insurance Company ("Geico"), which afforded them uninsured/underinsured motorist coverage. *Id.* at 8 ¶ 4. Upon timely notice of the collision and proof of claim, Defendant Geico refused to pay Plaintiffs for their losses. *Id.*

---

[1] The facts are garnered from Plaintiffs' Complaint, ECF No. [1].

at 9 ¶ 10.   Accordingly, on October 15, 2014, Plaintiffs commenced this action in the Seventeenth Judicial Circuit in and for Broward County, Florida, asserting claims for uninsured motorist benefits (Count I), bad faith in violation of Fla. Stat. § 624.155 (Count II), and declaratory judgment to determine liability and total amount of damages pursuant to §§ 86.011 and 86.111, *et seq.*, Florida Statutes (Count III).  *See id.* at 9-16 ¶¶ 9-29.  On December 9, 2014, Defendant removed the matter to this Court based on diversity of citizenship.  *See id.* at 1-5. Defendant now seeks dismissal of Counts II and III.  *See* Mot., ECF No. [5].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).  While the Court is

2

required to accept all of the allegations contained in the complaint and exhibits attached to the

pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter*

*v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). The Supreme Court

was clear that courts "are not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555. It is through this lens that the Court now evaluates the

instant matter.

### III. DISCUSSION

Defendant asserts that Count II for bad faith pursuant to Fla. Stat. § 624.155 is premature

as the underlying contract claim, which is the subject of this litigation, has yet to be resolved.

*See* Mot., ECF No. [5] at 2-4. Further, Defendant contends that Plaintiffs' request for

declaratory judgment is duplicative and improper as it seeks a determination of liability and

damages, that is, the same dispute raised by Count I's claim for uninsured motorist benefits. *Id.*

at 4-7. Plaintiffs oppose dismissal on these counts, averring that abatement, not dismissal, is the

proper course of action with respect to Count II, and that Count III is not otherwise improper.

*See* Resp., ECF No. [8]. The Court addresses these issues in turn.

### A.    Count II for Bad Faith Pursuant to Fla. Stat. § 624.155, is not Ripe

In *Blanchard v. State Farm*, the Supreme Court of Florida noted that in order to maintain

an action for bad faith, the underlying action for benefits must first be resolved:

> If an uninsured motorist is not liable to the insured for damages arising from an
> accident, then the insurer has not acted in bad faith in refusing to settle the claim.
> *Thus, an insured's underlying first-party action for insurance benefits against the*
> *insurer necessarily must be resolved favorably to the insured before the cause of*
> *action for bad faith in settlement negotiations can accrue.* It follows that an
> insured's claim against an uninsured motorist carrier for failing to settle the claim
> in good faith does not accrue before the conclusion of the underlying litigation for
> the contractual uninsured motorist insurance benefits. Absent a determination of
> the existence of liability on the part of the uninsured tortfeasor and the extent of

the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.

*Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991) (emphasis added); *see also Tropical Paradise Resorts, LLC v. Clarendon Am. Ins. Co.*, No. 08-60254-CIV, 2008 WL 3889577, at *2 (S.D. Fla. Aug. 20, 2008) (stating that "[i]n order for a claim for bad faith under Fla. Stat. § 624.155 to accrue, a plaintiff must allege that a determination of the defendant's liability has been made"). The parties do not appear to dispute the fact that this claim is premature, but rather, quarrel over the appropriate relief. On the one hand, Defendant asserts that dismissal without prejudice is the proper resolution, while, on the other hand, Plaintiffs implore the Court to abate the claim rather than dismiss it. Courts are divided when confronted with this scenario. *Compare Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, No. 10-62061-CV, 2013 WL 3892956, at *3 (S.D. Fla. July 26, 2013) (finding abatement to be the "more efficient alternative") *with Granat v. Axa Equitable Life Ins. Co.*, No. 06-21197-CIV, 2006 WL 3826785, at *6 (S.D. Fla. Dec. 27, 2006) (dismissing bad faith claim without prejudice). Ultimately, the decision of whether to abate or dismiss without prejudice rests in the sound discretion of the trial court. *See Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 595 (Fla. 1st DCA 2006) (noting that "the trial court has authority to abate the statutory claims, rather than to dismiss them, if it appears to the court that abatement would be in the interest of judicial economy"); *see also Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.*, 76 So. 3d 963, 964 (Fla. 4th DCA 2011) (stating that the "trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved").

Plaintiffs contends that abatement of this matter furthers judicial economy as such a remedy will obviate the need for filing a second lawsuit, which would result in both a waste of

Plaintiffs' financial resources, as well as placing the matter before an entirely new judge who may be unfamiliar with the case.  *See* Resp., ECF No. [8] at 4.  The Court has previously recognized the value of abatement in this circumstance, finding that the "preservation of issues serves the dual purpose of empowering courts to heighten adjudicative efficiency and avoiding unnecessary repetition in filing or other waste of limited private resources."  *O'Rourke v. Provident Life & Acc. Ins. Co.*, 48 F. Supp. 2d 1383, 1385 (S.D. Fla. 1999).  While the Court disagrees with the assertion that a new judge would be placed at a disadvantage when confronted with this case down the road, Defendant has, nonetheless, failed to present a persuasive reason for why abatement should not be permitted in this matter.  Accordingly, in the exercise of discretion, the Court finds that abatement, not dismissal, is a more efficient means of disposing with Plaintiffs' premature bad faith claim.

### B.      Count III for Declaratory Judgment is Improper

Turning to Defendant's argument that Count III for declaratory judgment is duplicative, the Court agrees.  Although Count III purports to state a claim under §§ 86.011 and 86.111, *et seq.*, Florida Statutes, "Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on Florida's circuit and county courts; it does not confer any substantive rights."  *Garden Aire Vill. S. Condo. Ass'n Inc. v. QBE Ins. Corp.*, 774 F. Supp. 2d 1224, 1227 (S.D. Fla. 2011) (quoting *Strubel v. Hartford Ins. Co. of the Midwest*, Case No. 8:09–cv–01858–T–17–TBM, 2010 WL 745616, at *2 (M.D. Fla. Feb. 26, 2010)).  Accordingly, because this matter is before the Court based on the Court's diversity jurisdiction, Florida's procedural rules are inapplicable and Count III is properly construed as purporting to state a claim under 28 U.S.C. § 2201.  *Id.*

"Consistent with the 'cases' and 'controversies' requirement of Article III, the Declaratory Judgment Act, 28 U.S.C. § 2201, specifically provides that a declaratory judgment may be issued only in the case of an 'actual controversy.'" *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (citing *Emory v. Peeler*, 756 F.2d 1547, 1551-52 (11th Cir. 1985)). This controversy must not be "conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id.* Here, Plaintiffs have incorrectly applied Florida's declaratory judgment statutes.

On this point, the Court agrees with our sister district in *Smith v. 21st Century Centennial Ins. Co.*, No. 8:14-V-2531-T-26TBM, 2014 WL 5474591 (M.D. Fla. Oct. 29, 2014). In *Smith*, the plaintiff initially pursued the matter in state court under a nearly identical complaint, alleging three matching counts: underinsured motorist coverage, statutory bad faith, and declaratory judgment. *Id.* at *1. In dismissing the declaratory judgment claim with prejudice, the court reasoned there was "no actual controversy prior to the determination of the damages suffered in the underlying contract claim." *Id.* The Middle District has continued to hold in line with *Smith*, dismissing declaratory judgment claims filed prior to resolution of the underlying contract claim. *See, e.g., Dela Cruz v. Progressive Select Ins. Co.*, No. 8:14-CV-2717-T-30TGW, 2014 WL 6705414, at *2 (M.D. Fla. Nov. 26, 2014) ("There is no actual controversy prior to the determination of the damages suffered in the underlying contract claim. Further, a declaration that quantifies an amount of damages for a future bad faith claim does not resolve the entire controversy because Plaintiff will still have to prove the insurer's bad faith."). As Plaintiffs' underlying claim brought pursuant to the insurance policy (Count I) has yet to be resolved, Count III for declaratory relief is inappropriate as the controversy is not sufficiently concrete at this time. Thus, the claim must be dismissed.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Government Employees Insurance Company's Motion Dismiss, **ECF No. [5]**, is hereby **GRANTED IN PART** and **DENIED IN PART**.

   a. The Motion is **GRANTED** with respect to Plaintiffs' declaratory judgment claim under Count III, which shall be **DISMISSED**.

   b. In all other respects, the Motion is **DENIED**.

2. Count II of the Complaint which encompasses Plaintiffs' claim for statutory bad faith under Fla. Stat. § 624.155 is **ABATED** pending resolution of the uninsured/underinsured motorist benefits claim in Count I.

3. As Defendant has already answered the Complaint with respect to Count I, ECF No. [6], no further answer is required at this time.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of January, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record